[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14636
Non-Argument Calendar
_____

D.C. Docket No. 0:14-cr-60299-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NESTOR OVIDIO LOPEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 28, 2016)

Before HULL, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Nestor Lopez appeals his 188-month sentence, imposed at the low end of the guideline range, after pleading guilty to one count of unlawful distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Lopez contends the district court clearly erred in applying a two-level guideline enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. Although Lopez failed to appear at his initial sentencing hearing, he argues his severe abuse of methamphetamine during the time period before the sentencing renders his actions involuntary and thus not willful as required by the sentencing guideline for an obstruction of justice enhancement. He contends the district court imposed a procedurally unreasonable sentence based on clearly erroneous and insufficiently specific facts by misapplying the obstruction of justice enhancement to his sentence. After review,[1] we affirm Lopez's sentence.

"When reviewing for procedural reasonableness, we ensure that the district court: (1) properly calculated the Guidelines range; (2) treated the Guidelines as advisory; (3) considered the 18 U.S.C. § 3553(a) factors; (4) did not select a sentence based on clearly erroneous facts; and (5) adequately explained the chosen sentence." *United States v. Wayerski*, 624 F.3d 1342, 1353 (11th Cir. 2010). The

---

[1] In reviewing the district court's imposition of an enhancement for obstruction of justice, we review for clear error the district court's factual findings and review *de novo* the application of the factual findings to the sentencing guidelines. *United States v. Doe*, 661 F.3d 550, 565 (11th Cir. 2011). We will not disturb a district court's factual findings under the clearly erroneous standard unless we are left with the "definite and firm conviction that a mistake has been made." *Doyal v. Marsh*, 777 F.2d 1526, 1533 (11th Cir. 1985).

2

party challenging the sentence bears the burden of establishing that the sentence is unreasonable in light of the record. *United States v. De La Cruz Suarez*, 601 F.3d 1202, 1223 (11th Cir. 2010).

Pursuant to U.S.S.G. § 3C1.1, a defendant's offense level will be increased by two levels if

> (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense.

U.S.S.G. § 3C1.1. Willfully failing to appear, as ordered, for a judicial proceeding is included in a non-exhaustive list of examples of the types of conduct for which this enhancement is warranted. *Id.* § 3C1.1 comment. (n.4(E)). "Willfully" "has been interpreted to mean the defendant must consciously act with the *purpose* of obstructing justice." *United States v. Revel*, 971 F.2d 656, 661 (11th Cir. 1992) (quotation omitted). A district court applying the § 3C1.1 obstruction of justice enhancement should specifically state what the defendant did, why that conduct warranted the enhancement, and, if applicable, how that conduct actually hindered the investigation or prosecution of the offense. *United States v. Alpert*, 28 F.3d 1104, 1107-08 (11th Cir. 1994) (en banc).

Lopez does not establish that his sentence was based on clearly erroneous facts, or that the obstruction of justice enhancement was misapplied. The record

3

reflects that Lopez was warned at his change of plea hearing about the consequences of potential misbehavior and failure to appear. He then failed multiple drug tests, fled the jurisdiction, and failed to appear at the sentencing hearing. He did not return to court until after being arrested months later. The district court found that Lopez's failure to appear was willful despite his drug abuse during that time. As its basis for the factual finding, the district court reasoned that Lopez was aware that his sentence would likely increase based on his bad behavior as the court had explained to him previously. This finding of fact has support from the record and was not clearly erroneous. Although the district court did not use the specific word "willful" in its ruling, the record taken as a whole offers sufficient factual findings to allow for meaningful appellate review. Based on the findings of fact, it was not error for the district court to then apply an obstruction of justice enhancement, as willful failure to appear is explicitly mentioned as an example of obstruction of justice in the commentary to the Sentencing Guidelines. Accordingly, we affirm the sentence as reasonable.

**AFFIRMED.**

4